Prepared by State Reporter from Appeal Papers

ROYAL INDEMNITY COMPANY, Appellant, *v.* FRANKLIN-KELLUM COMPANY, INCORPORATED, et al., Defendants.

EMPIRE TRUST COMPANY, as Trustee, Respondent; CHARLES H. HYDE, as Receiver, Appellant.

*Mortgage — foreclosure — appeal — action to foreclose second mortgage — power of court to authorize issuance of receiver's certificates and make them a lien prior to first mortgage — appeal to Court of Appeals from order allowing issuance of certificates may be taken without bringing in party to whom they were sold.*

*Royal Indemnity Co.* v. *Franklin-Kellum Co., Inc.,* 223 App. Div. 772, affirmed.

(Argued April 30, 1928; decided May 11, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 5, 1928, which modified and affirmed as modified an order of Special Term authorizing the issuance of receiver's certificates.

The following questions were certified:

" 1. In a case where a foreclosure action is commenced by a second mortgagee holding a mortgage of $150,000 on an apartment house in the suburbs, appraised at $650,000, and a receiver of rents is appointed on the application of such second mortgagee; and later, the first mortgagee, although a defendant in such foreclosure action brought by the second mortgagee, institutes a separate foreclosure action on its mortgage of $400,000, claiming as actual defaults thereunder non-payment of taxes and insurance premiums, and by motion applies for and obtains an extension of such receivership to its own foreclosure action and mortgage, and thereby secures application of part of the income collected by the receiver to its own mortgage, and the receiver so appointed moves for leave to borrow money on receiver's certificates sufficient to enable him (1) to repay to the first mortgagee insurance premiums that had been advanced by the first mortgagee,

amounting to $1,088; (2) to pay $7,650 to the sinking fund under the first mortgage, which would be in default unless immediately paid; (3) to pay interest of $11,775, which was about to become due on the first mortgage; and to make such certificates a lien on the property prior to the first mortgage, when it appears that at the time of the hearing of the application for leave to issue receiver's certificates the first mortgagee had been served with the summons and complaint as a party defendant in the foreclosure of the second mortgage, has the court the power to issue receiver's certificates for such purposes, and has it power to make such certificates a lien prior to that of the first mortgage?

" 2. The certificates having been issued and sold to a *bona fide* purchaser before any appeal was taken to this court, could the appeal be entertained without bringing in such purchaser as a party to the appeal, the point having been duly raised? "

*Selden Bacon, Abel E. Blackmar* and *Saul S. Myers* for appellants.

*Leonard B. Smith, Thomas E. Dewey* and *Stuart McNamara* for respondent.

Order affirmed, with costs; first question certified answered " no; " second question answered " yes; " no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Claim of CHARLES GINN, Respondent, against RAPID SERVICE PRESS et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — rate of compensation for temporary total disability.*

*Matter of Ginn* v. *Rapid Service Press*, 222 App. Div. 406, affirmed.

(Submitted April 30, 1928; decided May 11, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered